UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALEXIS NICOLATO,

    Plaintiff,

v.

HERZING UNIVERSITY, LTD.,

    Defendant.

Case No. _____

## NOTICE OF REMOVAL

Defendant Herzing University, Ltd. ("**Herzing**") removes to this Court, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453, the civil action entitled *Alexis Nicolato, Individually and on Behalf of All Others Similarly Situated, v. Herzing University, Ltd.*, Case No. 2020-CA-008174, originally filed in the Ninth Judicial Circuit In and For Orange County, Florida on August 13, 2020. In support of this Notice of Removal, Herzing states the following:

**I.   NATURE OF THE ALLEGATIONS**

1. On August 13, 2020, Plaintiff Alexis Nicolato ("**Plaintiff**"), individually and on behalf of all other similarly situated, commenced the above-captioned lawsuit by filing a Class Action Complaint (the "**Complaint**") in the Ninth Judicial Circuit In and For Orange County, Florida (the "**State Court**"). Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of the Complaint, together with "all process, pleadings, and orders" on file in the State Court, are attached hereto as **Exhibit A**.

2. Herzing was served with the summons and a copy of the Complaint on or about September 11, 2020. *See* Ex. A, Return of Service.

3. Plaintiff brings this action individually and as a putative class representative to recover damages on behalf of all persons who paid tuition and fees to Herzing for the March 2020 term (and/or subsequent terms) but who, allegedly, did not receive the full benefits of tuition and fees paid (hereinafter, "the *Nicolato* Action"). Ex. A, Compl. ¶¶ 1, 54. Specifically, Plaintiff contends Herzing failed to provide the on-campus educational services and experiences its students paid for when it ceased on-campus activities because of the COVID-19 pandemic. *Id.* at ¶¶ 1, 30. Plaintiff seeks damages under four counts: Breach of Contract (Count I), Restitution (Count II), Unjust Enrichment (Count III), and Conversion (Count IV).

4. Plaintiff also seeks to represent a proposed class defined as follows:

> All persons, who paid on behalf of themselves or another, tuition or other fees to Herzing University for an in-person class or classes to be conducted during the March 2020 term and/or subsequent terms.

Ex. A, Compl. ¶ 54.

5. Plaintiff requests a prorated refund or reimbursement of the allegedly unused services and virtual education received as a result of classes transitioning from in-person instruction to a remote, virtual learning format during the March 2020 term and/or subsequent terms. Ex. A, Compl. ¶ 2. Plaintiff also requests injunctive relief, pre-judgment interest, post-judgment interest, and attorney's fees and costs. *Id.* at ¶ 95.

## II. STATEMENT OF GROUNDS FOR REMOVAL

6. This Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this lawsuit is a "class action" as defined by CAFA.

This case was brought under a state statute or rule, *i.e.,* Florida Rule of Civil Procedure 1.220, authorizing an action to be brought by one or more representative persons as a class. 28 U.S.C § 1332(d)(1)(B); Ex. A, Compl. ¶ 53. This Court also has jurisdiction under 28 U.S.C. § 1453(b) because this lawsuit is a "class action" as defined by CAFA.

7. Under CAFA, federal courts have "original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity (at least one plaintiff and one defendant are from different states)." *Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1163 (11th Cir. 2006). "Additionally, the putative class must contain at least 100 members for a district court to exercise subject matter jurisdiction under CAFA." *Cappuccitti v. DirecTV, Inc.*, 623 F.3d 1118, 1122 (11th Cir. 2010).

8. While Herzing vigorously disputes Plaintiff's ability to pursue this action as a class action, removal is proper because Plaintiff has pleaded this civil action as involving a class of "several thousand people." Ex. A, Compl. ¶ 55. This case therefore satisfies the class numerical requirement under CAFA.

9. Removal is also proper because this action involves minimal diversity of citizenship and an aggregate amount in controversy exceeding $5 million. 28 U.S.C § 1332(d).

A. **Minimal Diversity Exists**

10. This case satisfies the minimal diversity requirement of CAFA because at least one member of the putative class is a citizen of a state different from the defendant. 28 U.S.C. § 1332(d)(2)(A).

11. While Plaintiff alleges that Herzing is incorporated under the laws of the State of Florida, that allegation is incorrect. Herzing is a corporation organized under the laws of

Wisconsin with its principal place of business in Menomonee Falls, Wisconsin. **Exhibit B**, Declaration of Erik Parks, ¶¶ 4-6. Therefore, Herzing is a citizen of Wisconsin. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).

12. On information and belief, Plaintiff is a citizen of the State of Florida. Ex. A, Compl. ¶ 3.

13. Plaintiffs' proposed putative class includes persons from a number of states, including Florida. *Id.* at ¶ 54.

### B. The Amount in Controversy is Met

14. This case satisfies CAFA's amount in controversy requirement because the matter exceeds the sum of $5 million. 28 U.S.C. § 1332(d)(6).

15. CAFA states that "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *Id.* The United States Supreme Court has instructed that "the statute tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [the] proposed class and determine whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

16. "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87-88 (2014) (defendants may simply allege that the jurisdictional threshold has been met). *See also Anderson v. Wilco Life Ins. Co.*, 943 F.3d 917, 924 (11th Cir. 2019) ("A defendant seeking to

remove a case to federal court must file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'") (citing *Dart*, 574 U.S. at 89); *Mangano v. Garden Fresh Rest. Corp.*, No 215CV477FTM99MRM, 2015 WL 5953346, at *1 (M.D. Fla. Oct. 13, 2015) ("A Notice of Removal must plausibly allege the jurisdictional amount, not prove the amount.") (citing *Dart*, 574 U.S. at 89).

17. Plaintiff only alleges that she brings "an action for damages **in excess** of $30,000, exclusive of interest, attorney's fees, and costs." Ex. A, ¶ 6 (emphasis added). Plaintiff, however, seeks on behalf of herself and a class of "thousands" who paid tuition and fees to Herzing, from March 2020 to the present, actual damages consisting of "the difference between the reasonable or fair market value of the on-campus education and social facilities, services, and experiences for which Plaintiff and the Class paid and the actual value of the on-campus educational and social facilities, services, and experiences Defendant delivered." Ex. A, Compl. ¶¶ 71, 78, 86, 94-95. By way of example of one such payment, Plaintiff alleges for each credit hour of her on-campus Associate Nursing degree program, she paid $662.66 in tuition and fees. *Id.* at ¶¶ 14-15. Plaintiff also alleges that she "paid more than $40,000.00 in tuition in 2020." *Id.* at ¶ 27.

18. Under Plaintiff's allegations, the amount in controversy can be determined by aggregating the total tuition and fees paid for in-person classes during the class period. Given that Plaintiff seeks to represent a class of "thousands" who paid multiple thousands of dollars for on-campus programs during the March 2020 term, it is apparent that the amount in controversy exceeds $5,000,000.

19. Thus, the aggregate "amount in controversy," consistent with Plaintiff's allegations, well exceeds the threshold established by 28 U.S.C. § 1332(d). *Accord* MCLAUGHLIN ON CLASS ACTIONS § 12:6 (16th ed.) ("Once the proponent of CAFA jurisdiction has explained plausibly how more than $5 million is at stake, federal jurisdiction attaches unless it is legally impossible for the plaintiff to recover that much.")

20. Because this matter is a putative class action in which there are over 100 class members, the aggregate potential damages exceed $5 million, and minimal diversity of citizenship exists between Plaintiff and Herzing, original jurisdiction exists under 28 U.S.C. § 1332(d)(2).

### III. REMOVAL TO THIS DISTRICT IS PROPER

21. For the foregoing reasons, this Court may exercise original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), and removal is proper pursuant to 28 U.S.C. §§ 1441, 1446, 1453.

22. This Notice of Removal is timely filed under 28 U.S.C. §§ 1453(b), 1446(b) because Herzing was served on September 11, 2020 and is filing this Notice of Removal within thirty (30) days of service.

23. This Notice of Removal is filed in the District Court of the United States for the district and division in which the case is pending. *See* 28 U.S.C. §§ 1441, 1446(a). The United States District Court for the Middle District of Florida, Orlando Division, encompasses the location where the State Court action is pending (Orange County, Florida). 28 U.S.C. § 105.

24. Pursuant to 28 U.S.C. § 1446(a), a copy of all "process, pleadings, and orders served upon" Herzing with respect to this action, are attached. *See* Ex. A.

25. Herzing has given Plaintiff written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d), by service on counsel.

26. Pursuant to the requirements of 28 U.S.C. § 1446(d), Herzing is filing a copy of this Notice of Removal with the Clerk of the Ninth Judicial Circuit In and For Orange County, Florida.

27. A completed Civil Cover Sheet accompanies this Notice of Removal.

WHEREFORE, Herzing respectfully requests that this action now pending in the Ninth Judicial Circuit In and For Orange County, Florida be removed to this Court, that this Court exercise its subject matter jurisdiction over this action, and that the Court grant such other and further relief as it deems just and proper.

Respectfully submitted,

/s/ Amy L. Drushal
AMY L. DRUSHAL, Florida Bar No. 546895
adrushal@trenam.com / lbehr@trenam.com
WILLIAM A. McBRIDE, Florida Bar No. 112081
wmcbride@trenam.com / lbehr@trenam.com
TRENAM, KEMKER, SCHARF, BARKIN,
  FRYE, O'NEILL & MULLIS, P.A.
101 E. Kennedy Boulevard, Suite 2700
Tampa, FL   33602
Tel:  (813) 223-7474
Fax: (813) 229-6553

-and-

William R. Bay, #26977MO, *pro hac vice to be filed*
Christopher M. Hohn, #44124MO, *pro hac vice to be filed*
THOMPSON COBURN, LLP
One U.S. Bank Plaza, Suite 2700
St. Louis, Missouri 63101
(314) 552-6000 (telephone)

                    (314) 552-7000 (facsimile)
                    wbay@thompsoncoburn.com
                    chohn@thompsoncoburn.com

*Attorneys for Defendant Herzing University, Ltd.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of September, 2020, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system, and a copy was furnished via email to Andrew J. Shamis, Esq., at ashamis@shamisgentile.com; Shamis & Gentile, P.A., 14 NE 1st Avenue, Suite 1205, Miami, Florida 33132.

                                            */s/  Amy L. Drushal*
                                                    Attorney