IN THE NINTH JUDICIAL CIRCUIT
IN AND FOR ORANGE COUNTY, FLORIDA

| | |
|---|---|
| ALEXIS NICOLATO, Individually and on Behalf of All Others Similarly Situated, | Case No. |
| Plaintiff, | **CLASS ACTION** |
| v. | |
| HERZING UNIVERSITY, LTD. | JURY TRIAL DEMANDED |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Alexis Nicolato, individually and on behalf of all other similarly-situated persons, brings this class action complaint against Herzing University, LTD. Ms. Nicolato makes the following allegations upon personal knowledge as to her own acts and upon information and belief and his attorneys' investigation as to all other matters.

### NATURE OF THE ACTION

1. This is a class action brought on behalf of Ms. Nicolato and other similarly-situated persons ("the Class"), who paid tuition and fees to Herzing University, LTD. ("Defendant" or "Herzing") in the Spring of 2020, but due to the spread of Coronavirus Disease 2019 ("COVID-19") at that time, did not receive the full benefits of those paid tuition and fees. Specifically, Plaintiff and the Class (i) did not receive their bargained-for educational and other services and experiences, for which they paid; and (ii) have not been refunded a properly prorated portion of their tuition and fees after Herzing abruptly ceased providing such services to students during the Spring 2020.

2. As a result of Defendant's wrongful acts and unfair business practices alleged herein, Ms. Nicolato and the Class have systematically been denied, and therefore seek: (i) a proper, prorated refund or reimbursement for the unused services for which they paid in the form of various university fees; and (ii) a proper, prorated refund or reimbursement for the decreased value of the education they received as a result of classes transitioning from in-person/on-campus instruction to an entirely remote, virtual learning format, at a reduced amount of learning hours.

## PARTIES

3. Plaintiff is a resident of Orlando, Florida. Ms. Nicolato is a nursing student studying at Herzing University who enrolled in an Associated Nursing degree program in January 6, 2020.

4. Defendant Herzing University is a private for-profit corporation incorporated under the laws of the State of Florida. Defendant's Orlando Campus, where Plaintiff was enrolled, is located at 1865 FL-436, Winter Park, FL 32792.

5. Defendant owns and operates Herzing University located in Winter Park, Florida.

## JURISDICTION AND VENUE

6. **Subject Matter Jurisdiction.** This Court has subject matter jurisdiction over this action because it is an action for damages in excess of $30,000.00, exclusive of interest, attorney's fees, and costs.

7. **Subject Matter Jurisdiction.** This Court also has subject matter jurisdiction pursuant to Section 86.011, Florida Statutes—governing declaratory judgments—which confers jurisdiction the circuit and county courts of Florida within their respective jurisdictional amounts.

8. **Personal Jurisdiction.** This Court has personal jurisdiction over Defendant because Defendant is incorporated under Florida law, are registered to do business in the State of Florida, and maintains its principal place of business within Orange County, Florida.

9. **Venue.** Pursuant to Section 47.011, Florida Statutes, venue is proper in Orange County, Florida, because Defendant's principal places of business is located in Orange County, and the events giving rise to this action occurred in Orange County.

## FACTUAL ALLEGATIONS

10. Ms. Nicolato is a nursing student studying at Herzing University.

11. She is enrolled in an Associated Nursing (the "ASN") degree program on January 6, 2020.

12. In 1965, Herzing University was first founded as a computer training institute based in Milwaukee, Wisconsin. In 1970, the University began acquiring other schools, and has since grown to include campuses in seven states, as well as an online division. In 2009, Herzing added graduate programs, and adopted the current name Herzing University."[1]

13. Herzing University is accredited by the Higher Learning Commission, and holds specialized accreditation for several nursing programs through the Commission on Collegiate Nursing Education, as well as several other programs.[2]

14. While Herzing University does have online programs, the ASN degree that Plaintiff was pursuing was intended to be an on-campus, hands-on program. Specifically, Herzing's website states "With Herzing, you can prepare for your nursing career by earning an associate degree in nursing at one of three campus locations. The Associate of Science in Nursing, offered through Herzing University's Birmingham, Alabama and Orlando, Florida campuses and Associate of Applied Science in Nursing offered through the Akron, Ohio campus." Plaintiff was enrolled at the Orlando, Florida campus.

15. For her ASN degree, Plaintiff was paying a total estimated tuition of $41,084.00, including a "learner resource fee" of $2,240.00, and "other fees" of $1,475.00 for 62 credit hours. This breaks down to approximately $662.66 per credit hour.

16. For her tuition, Plaintiff was supposed to be receiving 19.5 hours a week of in-

---

[1] https://www.herzing.edu/history
[2] http://catalog.herzing.edu/content.php?catoid=3&navoid=82

person labs and lectures. This was reduced significantly to only 6 hours a week of online work.

17. Defendant's website answers the Frequently Asked Question as to whether this ASN degree can be applied solely online, stating "You cannot truly complete any accredited associate degree program in nursing 100% online. There are some programs that offer all online coursework, but in any program you will need to complete a required amount of lab or clinical hours, and that cannot be completed online. The Herzing University ASN program does offer flexibility to complete your general education classes online. Otherwise the remainder of the program must be completed on campus."

18. Despite variations in program tuition costs, one thing is consistent across the board—for undergraduate and graduate programs that are offered both online and on-campus, the on-campus versions are significantly more expensive than their online counterparts. Under-graduate students in on-campus programs pay **17-55% more** than their online peers.

19. Students enrolled in on-campus classes pay more, but they also get more, including access to facilities, equipment, events, and other on-campus services and opportunities.

20. Like all universities, Herzing University does not merely sell credit hours and diplomas as one would sell some common consumer commodity. It sells an experience—one enriched both personally and academically through social interaction and involvement with faculty and with other students as images from its student catalog graphically illustrate.[3]

21. Herzing University boasts a super high-tech, interactive campus, describing the Orlando campus in particular, as follows: "The Orlando location of Herzing University is located at 1865 SR 436 in Winter Park and occupies 33,600 square feet in a campus atmosphere. There are classrooms, computer labs, a fully simulated nursing lab, a student lounge, a learning commons, and related administrative offices included in the facility."[4]

22. Thousands of Herzing University students were guaranteed such benefits when

---

[3] Available at http://catalog.herzing.edu/index.php
[4] Available at http://catalog.herzing.edu/content.php?catoid=41&navoid=1686.

Plaintiff and Class members paid tuition to Herzing University for on-campus, rather than online, courses. However, since mid-March 2020, these students have been denied the full benefits for which Plaintiff and Class members paid.

23. In response to COVID-19, on or around March 13, 2020, Herzing University announced its intention to suspend all in-person classes and labs. It forced all students in on-campus programs to online versions of their programs.

24. Yet, despite suspending all in-person class and labs, forcing students who signed up and paid for on-campus programs into less valuable online versions, and denying students access to facilities, resources, and services for which their tuition paid, the University has not offered to refund any amount of tuition to Plaintiff and Class members.

25. Although Herzing University has received more than $2 million in public funding through the Coronavirus Aid, Relief, and Economic Security Act (CARES) Act,[5] Defendant refuses to refund or reimburse Plaintiff and the Class any of the tuition they paid for the in-person education and services that they are no longer being provided. Defendant also refuses to refund or reimburse Plaintiff and Class members for tuition paid for classes that Herzing is currently providing to students that are substantially less valuable than the classes for which they contracted.

26. Of course, programs offered exclusively online do not provide the level of access to facilities, technology, and other resources, that on campus access provides, especially with respect to the number of nursing programs that Herzing University offers that require in-person lab studies.

27. In exchange for the promise of these on-campus services and opportunities, among others, Plaintiff paid more than $40,000.00 in tuition in 2020.

28. Plaintiff has not attended any in-person classes since approximately March of

---

[5] https://www.herzing.edu/cares-act#:~:text=As%20of%20the%20date%20of%20this%20public%20notice%207%2F8,1)%20of%20the%20CARES%20Act.&text=Students%20who%20applied%20prior%20to,the%20auto%2Deligible%20students).

Class Action Complaint - 5

2020. Instead, all of her classes have been moved online, and the hours she expected to spend per week (19.5) was reduced significantly to only 6.5 hours. Plaintiff has been forced to attend "virtual lab simulation" and 2 hour zoom sessions with instructors, in lieu of in person instruction.

29. Plaintiff has neither received nor been offered any refund or reimbursement for the tuition that she paid for in-person classes (and the services and facilities with which they were supposed to come) at Herzing University which, since mid-March, she has not been allowed to attend.

30. By closing its campus in March 2020, Defendant has not delivered the educational services, facilities, technology, programming, activities, and other resources for which Plaintiff and Class members contracted when they made all-inclusive tuition payments to the university. Plaintiff and the proposed Class are therefore entitled to a prorated refund of tuition for the duration of Herzing University's COVID-19-related closure for the services that Defendants have not provided, or which Defendants have provided in a severely diminished manner.

31. The tuition that Plaintiff and Class members paid for on-campus programs was predicated on students' constant interaction with and feedback from peers, mentors, professors, and guest lecturers; access to equipment, technology, facilities, and laboratories; opportunities to attend guest lectures and other programming; and participation in extracurricular groups and learning, among other things—the services and opportunities that they are now being denied, while still being forced to pay for them.

32. Not only has Herzing University denied students access to these tangible services and benefits that are only available on-campus, but it has forced students into online classes that are otherwise substandard and objectively less valuable than those for which Plaintiff and Class members paid.

33. Plaintiff and the Class have been thrust into courses that cannot possibly be recreated online, and certainly not on such short notice, even as described by Defendant's own

FAQ portion of it's website.

34. The end result is that Plaintiff and other students who enrolled in campus programs have paid significantly more in tuition than their peers in online programs, and yet are receiving *less*. Rather than being provided online courses which are well thought-out, appropriate for remote delivery, and designed for online instruction from start-to-finish, they have been thrown into haphazard video meetings with little planning or purpose.

35. At a minimum, then, Plaintiff and the Class should be reimbursed the difference between the tuition they paid for on-campus classes and the tuition their peers paid for online courses. In reality, however, Plaintiff and Class members actually deserve an even larger refund, as the second-rate substitutes into which they have been forced are inferior to the online instruction that Herzing University and other comparable universities would offers to their solely online learners.

36. In paying their all-inclusive tuition bills, Plaintiff and Class members contracted and paid for high-quality, in-person instruction, as well as production materials, lab fees, technology fees, and other associated costs. But, by abruptly closing down the school and forcing students into substandard, poorly planned, and poorly executed online courses, Herzing University has not upheld its end of the bargain, and refuses to issue any refunds to Plaintiff and the Class.

37. Plaintiff and the Class have lost the benefits of the education, services, extra-curricular opportunities, and other experiences that Defendant promised. Despite failing to fulfill its obligations, Defendants are currently unlawfully retaining and refusing to fully or partially refund Plaintiff's tuition, despite the lower quality and less valuable education and services now being provided.

38. Plaintiff does not impugn Defendant for taking measures to protect the public health, but Defendant must acknowledge that the education and services Herzing University now provides to students lack the full value of those for which Plaintiff and the Class paid. Not only

is a fully online college experience inferior, both socially and academically, to the in-person experience for which Plaintiff and the Class paid, but Herzing University's online nursing courses now offered to students are inferior to online courses that were conceived as such in the first instance.

39. Essentially, Plaintiff and the Class have paid Defendant for access to buildings, studios, and facilities that students can no longer enter, equipment and technology that they can no longer use, and extra-curricular groups in which they can no longer participate, among other things. While every student was able to pick up a lab bag from the school for some equipment to use over the zoom lab meetings, including a blood pressure cuff, stethoscope, tubes, drains, and simulation meds, they are of lesser value and quality than the comparable equipment that would be available on campus.

40. Additionally, Plaintiff and Class members have paid Defendant for a level of instruction, course content, and feedback, which, due to the abrupt and forced shift to online learning, are no longer being delivered. Defendant is thus profiting from COVID-19, asking students and their families to bear the financial brunt of the pandemic. The result is a windfall to Defendant. Ms. Nicolato and other Class members have not realized and cannot realize the full value of the benefits of the education, services, and other experiences that they were promised and for which they paid.

41. Despite failing to fulfill its obligations to students, Herzing University has retained Plaintiff's and the Class members' full tuition and fees.

42. Defendants have failed to compensate Ms. Nicolato and the Class for the diminished value and damages they have suffered as a result of Defendant's actions.

43. Specifically, Defendant has failed to refund or reimburse Ms. Nicolato and the Class the prorated portion of tuition and fees necessary to compensate them for the difference in value between what they paid for and what they received.

44. Plaintiff and the Class, in paying tuition required by Defendant, reasonably

expected education and services of a particular quality and value commensurate with the amount of tuition and fees each paid.

45. However, Plaintiff and the Class received education and services of a different and substantially lesser value—one with a higher effective cost—than they reasonably expected.

46. Accordingly, Plaintiff and the Class did not realize the benefit of the bargain and their expectations were not met.

47. Plaintiff and the Class effectively paid substantially more than the market value represented by bargained-for price of their tuition. Plaintiff and the Class bargained with Defendant on a particular market value for the education and services they purchased. But because Defendant delivered only a portion of their reasonably expected value, Plaintiff and the Class paid a higher price than reflected in the market price to which they and Defendant had agreed, and received a level of education and services that was of lesser value than was represented to, and reasonably anticipated by, Plaintiff and the Class.

48. For these reasons, the education and services delivered are worth less than Plaintiff and the Class paid for them.

49. Plaintiff and the Class therefore lost money as a result by not receiving what they reasonably believed they were paying for while Defendants realized a commensurate unearned gain because they did not deliver to Plaintiff and the Class what it led them to believe they would receive.

50. Plaintiff and the Class are entitled to disgorgement of those portions of their payments for unused services and are entitled to a prorated refund of their tuition for classes that are worth less than they paid.

51. Defendant's refusal to refund any portion of tuition impacts all Class members and their losses are capable of calculation on a classwide or a subclass basis.

52. Through this lawsuit, Plaintiff seeks—for himself and the other Class members—Defendant's disgorgement and/or refund of a refund of a percentage of tuition based on students

no longer being able to attend classes in-person and instead being offered a far inferior online learning experience.

## CLASS ACTION ALLEGATIONS

53. Pursuant to Florida Rule of Civil Procedure 1.220(a), (b)(2), (b)(3), and/or (c)(4), Plaintiff brings this action for damages, equitable relief, and disgorgement on behalf of himself and the following Class:

> All persons, who paid on behalf of themselves or another, tuition or other fees to Herzing University for an in-person class or classes to be conducted during the March 2020 term and/or subsequent terms.

54. A class action is a superior means to ensure the fair and efficient adjudication of this case. The damages suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of the claims described herein against Defendant. Moreover, individualized actions would run the risk of creating inconsistent or contradictory judgments arising from the same set of facts and would increase the likely delay and expense to all parties involved and the Court itself. By proceeding as a class action, the claims at issue can be adjudicated efficiently through economies of scale.

55. **Numerosity.** In accordance with Florida Rule of Civil Procedure 1.220(a)(1), the members the proposed Class are so numerous and geographically dispersed that individual joinder of all Class members is impracticable. Although the precise number of Class members is unknown presently to Plaintiff, he has a good-faith basis to assert that the Class includes several thousand people; a fact that is readily ascertainable through enrollment and financial records maintained by Defendant.

56. **Commonality and Predominance.** In accordance Florida Rule of Civil Procedure 1.220 (a)(2) (commonality) and Florida Rule of Civil Procedure 1.220 (b)(3) (predominance), this action involves questions of law and fact common to the Class that predominate over any individual questions specific to any Class member. These include:

a. whether Defendant accepted money from the Class;

b. whether Defendant retained money from the Class for services they did not render, or only partially rendered;

c. whether Defendant entered into a contract with the Class;

d. whether Defendant breached the contract with the Class;

e. whether Defendant's failure to refund any portion of tuition was appropriate;

f. whether Defendant benefited from the monies accepted from the Class;

g. whether the educational and other services Defendant provided to the Class were commensurate with their value;

h. whether certification of the Class is appropriate under Florida Rule of Civil Procedure 1.220;

i. whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

j. the amount and nature of relief to be awarded to Plaintiff and the other Class members.

57. **Typicality.** Pursuant to Florida Rule of Civil Procedure 1.220(a)(3), Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members each paid for tuition associated with the March 2020 and/or subsequent semesters but were not provided the services that those costs were meant to cover. Each suffered damages in the form of their lost tuition and other monies paid to Defendant, and the claims all arise from the same Herzing University practices and course of conduct. There are no defenses available that are unique to the Plaintiff.

58. **Adequacy of Representation.** In accordance with Florida Rule of Civil Procedure 1.220(a)(4), Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the other proposed Class members. Moreover, Plaintiff has retained counsel competent and experienced in complex class action litigation, and he intends to prosecute this action vigorously on behalf of his fellow Class members. Plaintiff has no interests

that are antagonistic to those of the Class and he will fairly and adequately protect the proposed Class members' rights along with counsel.

## COUNT I
## Breach of Contract

59. Plaintiff repeats, realleges and incorporates ¶ 1-58 as if fully alleged herein.

60. Plaintiff brings this claim individually and on behalf of the Class.

61. Plaintiff and the Class had the capacity to enter into and in fact entered into binding contracts with Defendant.

62. Plaintiff and the other members of the Class entered into binding contracts with Herzing University through Defendant, for which Defendants were the direct beneficiary, which provided that Plaintiff and the Class would pay tuition in exchange for on-campus educational, extracurricular, and social facilities and experiences.

63. Specifically, Defendant offered and Plaintiff and the Class accepted—in exchange for paying their respective tuition amounts—on-campus educational and social facilities, services, and experiences for the March 2020 term and subsequent terms.

64. These contracts were formed by multiple documents when students bid by formally registering for courses offered by Defendant, in light of the quoted tuition pertaining to such registration, and Defendant thereafter accepted those bids, or registrations, by sending bills for tuition to Plaintiff and Class members, which were accepted and paid. At this time, written contracts arose.

65. As part of their contracts with Herzing University, and, in exchange for adequate consideration that Plaintiff and the Class provided, Defendant promised to provide on-campus educational services to Plaintiff and the Class.

66. Ever since closing its campus in mid-March 2020, Defendant has failed to provide the services that they were obligated to perform under its contracts with Plaintiff and the proposed Class. Defendant has retained tuition payments paid by Plaintiff and the Class without providing them the promised benefits.

67. By contrast, Plaintiff and the Class fulfilled their end of the bargain when they paid the monies due and owing for their full tuition and they have otherwise satisfied all conditions precedent to the maintenance of this action.

68. Defendant's breach of these contracts is material in each instance and has resulted in Plaintiff and members of the Class suffering losses and damages including, but not limited to, those described in ¶¶ 10–58.

69. The tuition payments that Plaintiff and the Class paid were intended to cover in-person educational and extra-curricular services. Defendant, however, has improperly retained the funds Plaintiff and the proposed Class paid without providing them the services and other benefits due under the contracts.

70. Defendant's performance under the contracts is not excused because of COVID-19. Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services and/or goods that it did not provide.

71. WHEREFORE, Plaintiff and the Class seek all damages and equitable relief to which they may be entitled, including refund of an amount of money not less than the amount that would be commensurate with the difference between the reasonable or fair market value of the on-campus educational and social facilities, services, and experiences for which Plaintiff and the Class contracted and the actual value of the on-campus educational and social facilities, services, and experiences Defendant delivered.

## COUNT II
### Contract Implied in Law (Restitution/ Quasi-Contract)

72. Plaintiff repeats, realleges and incorporates ¶ 1-58 as if fully alleged herein.

73. Plaintiff brings this claim individually and on behalf of the Class.

74. Plaintiff and the Class have conferred a benefit on Defendant in the form of tuition the March 2020 term and subsequent terms.

75. Defendant was aware of this benefit, voluntarily accepted it, and have retained

this benefit, to which they are not entitled, at the expense of Plaintiff and the Class.

76. For the reasons set forth in this Complaint, the circumstances are such that it would be inequitable for Defendant to retain the full amount of the benefit conferred upon them by Plaintiff and the Class.

77. Defendant has wrongfully retained a benefit conferred upon them by Plaintiff and the Class in an amount no less than the amount that would be commensurate with the difference between the reasonable or fair market value of the on-campus educational and social facilities, services, and experiences for which Plaintiff and the Class paid and the actual value of the on-campus educational and social facilities, services, and experiences Defendant delivered.

78. WHEREFORE, Plaintiff and the Class seek disgorgement and refund of an amount of money not less than the amount that would be commensurate with the difference between the reasonable or fair market value of the on-campus educational and social facilities, services, and experiences for which Plaintiff and the Class paid and the actual value of the on-campus educational and social facilities, services, and experiences Defendant delivered.

## COUNT III
### Unjust Enrichment

79. Plaintiff repeats, realleges and incorporates ¶ 1-58 as if fully alleged herein.

80. Plaintiff brings this claim individually and on behalf of the Class.

81. This Count is alleged in the alternative to the claims set forth for legal relief.

82. Plaintiff and the Class have conferred a benefit on Defendants in the form of tuition for the March 2020 term and subsequent terms.

83. Defendant was aware of this benefit, voluntarily accepted it, and have retained and appreciated this benefit, to which they are not entitled, at the expense of Plaintiff and the Class.

84. For the reasons set forth in this Complaint, the circumstances are such that it would be inequitable for Defendant to retain the full amount of the benefit conferred upon them by Plaintiff and the Class.

85. Defendant has wrongfully retained a benefit conferred upon them by Plaintiff and the Class in an amount no less than the amount that would be commensurate with the difference between the reasonable or fair market value of the on-campus educational and social facilities, services, and experiences for which Plaintiff and the Class paid and the actual value of the on-campus educational and social facilities, services, and experiences Defendants delivered.

86. WHEREFORE, Plaintiff and the Class seek disgorgement and refund of an amount of money not less than the amount that would be commensurate with the difference between the reasonable or fair market value of the on-campus educational and social facilities, services, and experiences for which Plaintiff and the Class paid and the actual value of the on-campus educational and social facilities, services, and experiences Defendants delivered.

## COUNT IV
## Conversion

87. Plaintiff repeats, realleges and incorporates ¶ 1-58 as if fully alleged herein.

88. Plaintiff brings this claim individually and on behalf of the Class.

89. Defendant has wrongfully asserted dominion over the monies Plaintiff and the Class paid in the form of tuition for on-campus educational and social facilities, services, and experiences for the March 2020 term and subsequent terms.

90. Plaintiff and the Class maintained a property interest when such monies were paid over to Defendant and Defendant's retention of such monies without delivering a commensurate level of on-campus educational and social facilities, services, and experiences during the March 2020 term and subsequent terms renders Defendant's retention of, and dominion over, such monies inconsistent with Plaintiff and the Class members' interest in such monies, or such portion of those monies that would be commensurate with the value of the on-campus educational and social facilities, services, and experiences that Defendant failed to deliver or cannot deliver.

91. Likewise, by paying such monies to Defendant, Plaintiff and the Class were

vested with a right to a level of on-campus educational and social facilities, services, and experiences for the March 2020 term and subsequent terms commensurate with the amount of monies paid.

92. Defendant's failure to provide the level of on-campus educational and social facilities, services, and experiences during the March 2020 term and subsequent terms for which Plaintiff and the Class members paid, and Defendant's retention of all monies paid despite this failure on their part, interferes with the Plaintiff's and the Class members' right to and interest in a level of on-campus educational and social facilities, services, and experiences commensurate with the amount of monies paid.

93. Defendant's interference with and dominion over Plaintiff's and the Class members' property and property interests, as described herein, entitles Plaintiff and the Class to damages equal to the full value of their property and property interests over which Defendants have wrongfully exercised dominion.

94. WHEREFORE, Plaintiff and the Class seek disgorgement and refund of an amount of money not less than the amount that would be commensurate with the difference between the reasonable or fair market value of the on-campus educational and social facilities, services, and experiences for which Plaintiff and the Class paid and the actual value of the on-campus educational and social facilities, services, and experiences Defendant delivered.

**PRAYER FOR RELIEF**

95. Plaintiff, individually and on behalf of the Class, respectfully requests that the Court provide the following relief in their favor against Defendant:

    a. certifying the Class as requested herein, designating Plaintiff as Class representative, and appointing the undersigned counsel as Class Counsel;

    b. declaring that Defendant are financially responsible for notifying the Class of the pendency of this suit;

    c. declaring that Defendant has wrongfully retained monies paid by the Class;

    d.  awarding injunctive relief, restitution, disgorgement, and quantum meruit relief as permitted by law or equity and as set forth hereinabove;

    e.  awarding Plaintiff's reasonable attorney's fees, costs, and expenses;

    f.  awarding pre- and post-judgment interest on any amounts awarded, to the extent permitted in law or equity; and

    g.  awarding such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Individually and on behalf of the Class, Plaintiff demands a trial by jury on all issues so triable.

Date: August 13, 2020.

Respectfully submitted,

/s/Andrew J. Shamis
Andrew J. Shamis, Esq.
Florida Bar No. 101754
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave., Suite 1205
Miami, FL 33132
Telephone (305) 479-2299
Facsimile (786) 623-0915
Email: ashamis@shamisgentile.com